UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL BARNHART,

    Plaintiff,                                  Hon. Janet T. Neff

v.                                                  Case No. 1:17-CV-647

BANK OF AMERICA, N.A., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss, (ECF No. 10), and Plaintiff's Motion to Remand, (ECF No. 11). In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for resolution of dispositive motions, the undersigned recommends that Plaintiff's motion be **denied**, Defendant's motion be **granted**, and this action **terminated**.

## BACKGROUND

Plaintiff initiated the present action on or about June 26, 2017, in Eaton County Circuit Court against Bank of America, N.A. and 10 unidentified John Does, none of whom have been identified or served. (ECF No. 1 at PageID.9-32). On July 17, 2017, Bank of America removed the matter to this Court. This action concerns real property located at 424 East Main Street, Potterville, Michigan. (ECF No. 1 at PageID.12). On or about March 17, 2006, Plaintiff obtained a loan from Bank of America in the amount of one hundred thirty-four thousand, four hundred dollars ($134,400.00) and as security for this loan, Plaintiff executed a mortgage on the property in question. (ECF No. 1 at PageID.34-48). On August 9, 2012, Bank of America assigned the mortgage on

Plaintiff's property to Nationstar Mortgage, LLC.   (ECF No. 1 at PageID.50).   Plaintiff subsequently defaulted on his mortgage and the subject property was sold at auction.

Plaintiff herein asserts numerous causes of action.   However, this is at least the third lawsuit Plaintiff has initiated regarding the foreclosure and sale of the aforementioned property.   *See Barnhart v. Nationstar Mortgage, LLC*, 1:15-cv-627 (W.D. Mich.); *Barnhart v. Nationstar Mortgage, LLC*, 1:17-cv-302 (W.D. Mich.).   Bank of America, N.A. now moves to dismiss Plaintiff's claims on res judicata grounds.   Plaintiff has responded by moving to remand this matter to state court.   For the reasons discussed herein, the undersigned recommends that Plaintiff's motion to remand be denied and Defendant's motion to dismiss be granted.   The undersigned further recommends that Plaintiff's claims against the 10 unidentified John Does be dismissed for failure to timely effect service.

## ANALYSIS

**I.        Plaintiff's Motion to Remand**

Plaintiff argues that this matter must be remanded to state court because there does not exist complete diversity between the parties.   Specifically, Plaintiff argues that he and Bank of America, N.A. are both Michigan citizens thereby destroying diversity.   Plaintiff is mistaken.

Federal district courts have original jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States" as well as actions where the amount in controversy exceeds $75,000 and is between citizens of different states.   28 U.S.C. §§ 1331, 1332.   Any civil action asserted in a state court over which a federal district court has original jurisdiction, "may be removed by the defendant. . .to the district court of the United States for the district and division embracing the place where such action is pending."   28 U.S.C. § 1441(a).   Defendant, as the party

seeking removal, "bears the burden of demonstrating federal jurisdiction, and all doubts should be resolved against removal."  *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007).

When assessing whether there exists complete diversity between the parties, the citizenship of the John Doe defendants is disregarded.  *See* 28 U.S.C. § 1441(b)(1) ("[i]n determining whether a civil action is removable on the basis of [diversity], the citizenship of defendants sued under fictitious names shall be disregarded"); *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, (7th Cir. 1997) ("naming a John Doe defendant will not defeat the named' defendants' right to remove a diversity case if their citizenship is diverse from that of the plaintiffs").  Thus, the question is simply whether Defendant Bank of America, N.A. is diverse from Plaintiff.

Plaintiff alleges that he is a citizen of Michigan.  (ECF No. 1 at PageID.12). Defendant Bank of America, N.A. is a national bank[1] which, for diversity jurisdiction purposes, is considered to be a citizen of the state in which its primary place of business is located.  *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006); *Hargrow v. Wells Fargo Bank, N.A.*, 491 Fed. Appx. 534, 536 (6th Cir., July 3, 2012) (same).  Bank of America, N.A. has its primary place of business in North Carolina.  (ECF No. 14).  Accordingly, there exists complete diversity in this matter.  The undersigned, therefore, recommends that Plaintiff's motion to remand be **denied**.

## II.         Defendant's Motion to Dismiss

On June 12, 2015, Plaintiff filed a lawsuit against Nationstar Mortgage and ten unidentified John Does alleging various claims concerning the property identified above.  *Barnhart v. Nationstar Mortgage LLC*, case no. 1:15-cv-627 (W.D. Mich.).  Plaintiff's claims were

---

[1] A national bank is a corporate entity chartered not by any State, but by the Comptroller of the Currency of the United States Treasury.  *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006).

subsequently dismissed for failure to state a claim on which relief may be granted, a determination affirmed by the Sixth Circuit.

On March 13, 2017, Plaintiff filed another lawsuit against Nationstar Mortgage and ten unidentified John Does alleging various claims concerning the aforementioned property. *Barnhart v. Nationstar Mortgage LLC*, case no. 1:17-cv-302 (W.D. Mich.). Plaintiff's claims against the Doe Defendants were dismissed for failure to timely effect service and Plaintiff's claims against Nationstar Mortgage were dismissed on res judicata grounds. Defendant Bank of America argues that Plaintiff's present claims are likewise subject to dismissal on res judicata grounds. The Court agrees.

The doctrine of res judicata, also known as claim preclusion, provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in [a prior] action." *Allied Erecting and Dismantling Co., Inc. v. Genesis Equipment*, 805 F.3d 701, 708 (6th Cir. 2015) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). Res judicata applies if the following elements are satisfied: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Allied Erecting*, 805 F.3d at 708-09.

Plaintiff's initial lawsuit was resolved on the merits thus satisfying the first element. With respect to the second element, although Plaintiff's initial action was asserted against Nationstar Mortgage rather than Bank of America, the two entities are in privity for res judicata purposes given that both entities serviced Plaintiff's loan and mortgage. *See, e.g., Kimball v. Orlans Assoc. P.C.*, 651 Fed. Appx. 477, 481 (6th Cir., June 9, 2016) ("[m]yriad district courts agree that a mortgagor's

loan servicer acts as agent for the mortgagee, thereby satisfying res judicata's privity requirement for suits involving the mortgage").  As for the fourth element, identity of the causes of action, such is also satisfied.  As the Sixth Circuit has observed:

> Causes of action share an identity where the facts and events creating the right of action and the evidence necessary to sustain each claim are the same.  In the words of the Supreme Court, "the now-accepted test in preclusion law for determining whether two suits involve the same claim or cause of action *depends on factual overlap*.  Two suits are for or [are] in respect to the same claim. . .if they are based on substantially the same operative facts, regardless of the relief sought in each suit."

*Heike v. Central Michigan University Board of Trustees*, 573 Fed. Appx. 476, 482-83 (6th Cir., July 22, 2014) (citation omitted).   The underlying facts alleged in Plaintiff's lawsuits are, in all pertinent respects, identical.   Thus, the Court finds this element satisfied.

As for the third element, whether the claims asserted in the present action were or could have been litigated in the prior action, such is likewise satisfied. While Plaintiff's present complaint contains a litany of allegations, the claims against Bank of America concern Plaintiff's challenge to the 2012 assignment of his mortgage from Bank of America to Nationstar Mortgage.   These claims could have been asserted in Plaintiff's 2015 lawsuit.  In sum, the Court finds that res judicata precludes Plaintiff from pursuing the claims herein asserted.

Finally, as Defendant correctly asserts, Plaintiff's challenge to the assignment of his mortgage fails to state a claim on which relief may be granted.   Absent an allegation that he "may be forced to pay the same debt twice," Plaintiff lacks standing to challenge an assignment to which he was not a party.  *See, e.g., Poole v. Federal National Mortgage Association*, 2016 WL 3085765 at *4 (W.D. Mich., June 2, 2016) (interpreting Michigan law); *Kiser v. Bank of America, N.A.*, 2014 WL 6893519 at *2 (W.D. Mich., Dec. 5, 2014) (interpreting Michigan law).   Plaintiff makes no such allegation.   Accordingly, in the alternative, the undersigned recommends that Plaintiff's claims

against Bank of America be dismissed for failure to state a claim on which relief may be granted. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

### III.     Failure to Timely Serve John Doe Defendants

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint, "the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." If the plaintiff demonstrates good cause for such failure, however, the court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Plaintiff has not requested an extension of the deadline by which to timely effect service which has now long since passed. Considering Plaintiff's lack of diligence, the undersigned recommends that Plaintiff's claims against the ten (10) unidentified Doe defendants be dismissed for failure to timely effect service.

### CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendant's Motion to Dismiss</u>, (ECF No. 10), be **granted** and <u>Plaintiff's Motion to Remand</u>, (ECF No. 11) be **denied**. The undersigned further recommends that Plaintiff's claims against the ten (10) unidentified Doe defendants be **dismissed for failure to timely effect service** and this action **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C).

Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                    Respectfully submitted,

Date:   February 1, 2018                                       /s/ Ellen S. Carmody
                                                               ELLEN S. CARMODY
                                                               United States Magistrate Judge